In re New Orleans Baton Rouge Steamship Pilot Fee Commissioner; Clayton, C.E. Fee Commissioner; Lake Charles Pilots Inc.; — Third Party(s); ■ Applying for Supervisory and/or Remedial Writs, Parish of E. Baton Rouge, 19th Judicial District Court Div. F, Nos. 473,243.
PER CURIAM.
In these applications, relators, the Louisiana Public Service Commission (“LPSC”) and others, ask us to order the district court to grant a direct appeal to this court of a declaratory judgment rendered by the district court which orders that certain parties be allowed to intervene in a proceeding before the LPSC. Relators assert that the district court was sitting as an appellate court in review of the LPSC’s ruling; therefore, rélators maintain they are entitled to a direct appeal to this court pursuant to La. Const, art. IV, § 21(E). By contrast, the district court concluded it was sitting as a court of original jurisdiction pursuant to La. Const, art. V, § 16. Therefore, the district court ruled an appeal from its judgment would lie in the court of appeal under La. Const, art. V, § 10.
The question of whether the district court has original jurisdiction over this case will necessarily determine whether this court has appellate jurisdiction. Accordingly, we will not pass at this time on the merits of relators’ request that we assume appellate jurisdiction over this case. Instead, pursuant to our general supervisory authority granted in La. Const, art. V, § 5(A), we will grant rela-tors leave to file an application for supervisory writs in this court, within thirty days of this order, addressing whether the district court has original jurisdiction over this matter. Respondents shall be granted fifteen days from the date of filing of relators’ application to file an opposition, should they wish to do so.